UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

# 04-12143 RWZ

NORTHERN WIND, INC.,

    Plaintiff,

v.

F/V NORTHERN WIND (O.N. 620851),
her engines, tackle, apparel, appurtenances,
etc., *in rem*, and SETH D. WAHLSTROM,
*in personam*,

    Defendants.

:
:
:
:
:
:
:
:
:
:
:

MAGISTRATE JUDGE Cohen

C. A. No.

**VERIFIED COMPLAINT
IN ADMIRALTY**

RECEIPT # 59212
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. ACM
DATE 10/12/04

   NOW COMES plaintiff, NORTHERN WIND, INC., by and through its attorneys,

complaining of the above-named defendants, proceeds *in rem* against defendant vessel,

NORTHERN WIND (O.N. 620851), her engines, tackle, apparel, furniture, equipment, rigging,

and all other necessaries appurtenant thereto, to enforce a preferred mortgage lien, and *in*

*personam* against defendant, SETH D. WAHLSTROM, for any deficiency thereof, and alleges as

follows upon information and belief:

<u>Jurisdiction and Venue</u>

1.  Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333 and

   §31325(c) of the Ship Mortgage Act of 1920, as amended and recodified in Title 46,

   United States Code, sections 31301 *et seq.*.  Venue is proper in this district court pursuant

   to 28 U.S.C. § 1391(b).  This is a case of admiralty and maritime jurisdiction as

   hereinafter more fully appears and is an admiralty and maritime claim to enforce a

   preferred mortgage lien within the meaning of Rule 9(h) of the Federal Rules of Civil

Warrant to issue

Rya W. Zobel  10/12/04

Procedure.  Plaintiff invokes the maritime procedures and special relief provided in Rule

C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure for the arrest of defendant vessel.

Parties

2.   At all times material hereto, plaintiff, NORTHERN WIND, INC. (hereinafter referred to

as "Northern Wind"), is a corporation duly organized and existing under the laws of the

Commonwealth of Massachusetts, with a place of business located at 16 Hassey Street,

New Bedford, Massachusetts.  At all times material hereto, plaintiff was, and still is, the

holder of the Promissory Note and First Preferred Ship Mortgage being sued upon herein.

3.   Defendant vessel, F/V NORTHERN WIND (*ex* MISS KARA), is a steel-hulled

commercial fishing vessel of approximately 48 feet in length which is registered and

documented under the laws of the United States of America, bearing Official Number

620851.  Upon information and belief, the Vessel, including her engines, tackle, apparel,

furniture, equipment, rigging, and all other necessaries appurtenant thereto, is now or,

during the pendency of this action, will be located within the District of Massachusetts

and within the jurisdiction of this Honorable Court.

4.   Defendant, SETH D. WAHLSTROM (hereinafter referred to as "Wahlstrom"), is an

individual domiciliary of the Commonwealth of Massachusetts, with his residence

located at 5970 Route 6, Eastham, Massachusetts.  At all times material hereto, the said

defendant was, and still is, the owner of the defendant Vessel, and the obligor of the

Promissory Note and First Preferred Ship Mortgage being sued upon herein.

Factual Allegations

5.  On or about June 17, 2003, defendant Wahlstrom, for valuable consideration, executed and delivered a certain Loan Agreement with plaintiff, pursuant to which plaintiff made available to the said defendant a loan in the principal amount of USD $130,000.00 to finance the purchase and acquisition of the defendant Vessel. A true and accurate copy of the Loan Agreement is attached hereto and incorporated herein as Exhibit A.

6.  The indebtedness to plaintiff is secured by a certain Promissory Note and First Preferred Ship Mortgage on the Vessel, both instruments dated as of June 17, 2003, copies of which are attached hereto and incorporated herein as Exhibits B and C respectively.

7.  Thereafter, the said First Preferred Ship Mortgage was duly recorded and endorsed on the Vessel's Certificate of Documentation at the offices of the United States Coast Guard, National Vessel Documentation Center.

8.  Defendant Wahlstrom has defaulted under the Loan Agreement in various manners including but not limited to: (a) failing to maintain insurance on the Vessel as required under Section 6 the Loan Agreement; and (b) failing to make monthly payments of $4.070.00 to plaintiff for the months of August, September and October of 2004, as required under Clause 3 of the Loan Agreement.

9.  Defendant Wahlstrom has waived presentment under the terms of the Promissory Note.

10. By reason of these premises, defendant Wahlstrom has breached the terms of the aforesaid Loan Agreement, Promissory Note and/or First Preferred Ship Mortgage.

11.     As a direct and proximate result of the foregoing, plaintiff has sustained damages

in the amount of $76,970.00, as nearly as the same can now be estimated, together with

interest, costs and reasonable attorneys' fees.

12.     Plaintiff has duly performed all duties and obligations on its part to be performed.

Count I - Enforcement of First Preferred Ship Mortgage
(Against the Vessel *in rem*)

13.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1

through 12 above with the same force and effect as if set forth at length herein.

14.     By virtue of the First Preferred Ship Mortgage and the Ship Mortgage Act of 1920, as

amended and recodified in Title 46, United States Code, sections 31301 *et seq.*, plaintiff

holds a valid and enforceable preferred mortgage lien on the Vessel in the amount of the

outstanding indebtedness secured thereby and is entitled to enforce its preferred

mortgage lien against the Vessel *in rem*.

Count II - Enforcement of First Preferred Ship Mortgage
(Against the Vessel Owner *in personam*)

15.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1

through 12 above with the same force and effect as if set forth at length herein.

16.     By virtue of the First Preferred Ship Mortgage and the Ship Mortgage Act of 1920, as

amended and recodified in Title 46, United States Code, sections 31301 *et seq.*, defendant

is liable for the amount of the outstanding indebtedness secured by the mortgaged Vessel,

or any deficiency in the full payment of the said indebtedness.

WHEREFORE, plaintiff prays that this Honorable Court adjudge as follows:

(i)     That *in rem* process issue in due form of law, according the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, may issue against the whole of the Vessel, and to all its components, together with all engines, machinery, tackle, apparel, appurtenances, including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said Vessel, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

(ii)    That all persons having or claiming to have any interest in the Vessel be cited to appear and answer under oath, all and singular the matter aforesaid;

(iii)   That process in due form of law according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the *in personam* defendant citing him to appear and answer under oath to each and all of the matters aforesaid;

(iv)    That as to Count I,  plaintiff's claim be adjudged a valid and enforceable preferred mortgage lien against the whole of the Vessel, and to all its components, together with all engines, machinery, tackle, apparel, appurtenances, including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said Vessel, and an *in rem* judgment enter in its favor against the Vessel for the full amount of its liquidated and unliquidated damages, together with prejudgment interest, costs and expenses, including reasonable attorneys' fees, and other damages which may be shown at trial;

(v)     That as to Count I, the whole of the Vessel, and to all its components, together with all engines, machinery, tackle, apparel, appurtenances, including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said Vessel, be condemned and sold to satisfy plaintiff's judgment;

(vi)    That as to Count II, judgment enter in its favor against the *in personam* defendant in the amount of its liquidated and unliquidated damages, including any outstanding deficiency which may accrue pursuant to the condemnation and sale of the Vessel, together with prejudgment interest, costs and expenses, including reasonable attorneys' fees, and other damages which may be shown at trial; and

(vii)   That plaintiff have such other and further relief as this Honorable Court and justice may deem just and proper under the circumstances.

Dated: October _12_, 2004

Respectfully submitted,

NORTHERN WIND, INC.
By its Attorneys,
NORMAN A. PELOQUIN, II, P.C.

By:

Norman A. Peloquin, II, Esquire
(BBO No. 550872)
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. 508-991-2300
Fax 508-991-8300

<u>Verification</u>

Michael T. Fernandes, hereby states under the penalty of perjury pursuant to 28 USC §1746 that:

1.    I am Michael T. Fernandes, President of plaintiff, Northern Wind, Inc.

2.    I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to my knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

3.    The sources of my information are the business records and documents of plaintiff, as well as my own involvement in the negotiation and execution of the underlying Loan Agreement, and my subsequent efforts to collect the debt.

I certify under the penalty of perjury that the foregoing is true and correct on this 8th day of October, 2004.

Michael T. Fernandes,
President

-6-