UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
::
NORTHERN WIND, INC.,                :
:
          Plaintiff,            :
:
v.                                  :   C. A. No. 04-12143RWZ
:
F/V NORTHERN WIND (O.N. 620851),    :
her engines, tackle, apparel, appurtenances, :
etc., *in rem*, and SETH D. WAHLSTROM, :   **MEMORANDUM OF LAW IN**
                                                                                 **SUPPORT OF PLAINTIFF'S MOTION**
                                                                                  **FOR INTERLOCUTORY SALE OF**
*in personam*,                      :   **DEFENDANT VESSEL**
:
          Defendants.           :
:   **IN ADMIRALTY**
---------------------------------------------------------x

NOW COMES plaintiff, Northern Wind, Inc., and, by and through its attorney, proceeds against defendant vessel, F/V NORTHERN WIND (O.N. 631110), her engines, tackle, apparel, and appurtenances, including, but not limited to, her commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, privileges or entitlements arising from, issued to, attaching to, or appurtenant to the said vessel (hereinafter referred to as "Vessel"), to enforce a certain preferred mortgage lien against the Vessel under the Ship Mortgage Act of 1920, as amended and recodified in Title 46, United States Code, sections 31301 *et seq*. Plaintiff submits this memorandum of law in further support of its Motion for Interlocutory Sale of Defendant Vessel, dated as the date hereof.

I. Statement of Facts - Procedural Posture

On October 12, 2004, plaintiff filed the above-captioned action against the Vessel to enforce its preferred mortgage lien under the Ship Mortgage Act of 1920, as amended and

recodified in Title 46, United States Code, sections 31301 *et seq*. On that day, this Honorable Court issued process in the form of an *in rem* warrant of maritime arrest against the Vessel. The United States Marshal served the said warrant upon the Vessel on October 15, 2004, while the Vessel lay afloat in Fairhaven, Massachusetts. Thereafter, the Marshals Service transferred custody of the Vessel to the court-appointed substitute custodian, Fairhaven, Shipyard & Marina, Inc. of Fairhaven, Massachusetts, to retain the same in its custody for possession and safekeeping until further order of this Court.

On October 15, 2004, plaintiff, by and through the undersigned counsel, caused notice of this action and arrest to be given to the owner of the Vessel, Mr. Seth D. Wahlstrom, as set forth in the <u>Affidavit of Notice of Action and Arrest to Vessel Owner</u>, dated and filed on October 19, 2004. No person, including the owner of the Vessel, has filed a verified claim asserting a right of possession or ownership interest in the Vessel within the ten (10) day time period prescribed in Supplemental Rule C(6)(b), or any extension thereof agreed to by the parties, and that time period has now expired. No person has secured the Vessel's release by posting security within the time prescribed under Rule E(5) of the Supplemental Rules. Plaintiff has contemporaneously filed an application for default against defendant Vessel and that request remains pending. Because the Vessel remains in storage, it is liable to continuing deterioration and decay. Furthermore, the expenses of this action and the keeping of defendant Vessel *in custodia legis* are continuing to accrue.

II. <u>Substantive Law</u>

Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides, in pertinent part, as follows:

> **If property that has been....arrested is.... liable to deterioration, decay, or injury by being detained in custody pending the action, or if the expense of keeping the property is excessive or disproportionate, or if there is unreasonable delay in securing the release of the property, the Court, on application of any party or of the Marshal, may order the property...to be sold; and the proceeds brought into Court to abide the event of the action; ...**

Supplemental Rule E(9)(b), Fed. R. Civ. P.

III. Legal Argument

Plaintiff's application for entry of default against defendant Vessel is pending. No appearance, claim, or answer has been filed on behalf of the Vessel, and it does not appear that such will be filed by her owner. To date, no one has intervened as an interested party and answered the allegations set forth in the Verified Complaint.

Plaintiff commenced this *in rem* action, in part, to deliver marketable title to the Vessel, free and clear of all maritime liens and encumbrances to a prospective buyer. The expenses of keeping defendant Vessel *in custodia legis* are continuing and disproportionate and are eroding plaintiff's security in the Vessel. Given the condition of the Vessel, and the fact that it remains idle in storage, plaintiff believes that the Vessel is subject to deterioration and decay. Accordingly, plaintiff believes that the Vessel should be sold for the following reasons: (i) to deliver clear and marketable title to the Vessel; (ii) to satisfy the costs and expenses of the United States Marshals Service, the substitute custodian, and plaintiff herein; and (iii) to satisfy, in whole or in part, the judgement which plaintiff seeks to have entered against the Vessel in this matter.

IV. Conclusion

Based upon the foregoing, plaintiffs request that this Honorable Court order the interlocutory sale of the defendant Vessel at public auction. Plaintiff moves for the entry of the following orders:

1. That the United States Marshal for the District of Massachusetts be directed to sell defendant vessel, F/V NORTHERN WIND (O.N. 631110), her engines, tackle, apparel, and appurtenances, including, but not limited to, her commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, privileges or entitlements arising from, issued to, attaching to, or appurtenant to the said vessel, at public auction for the highest price that can be obtained;

2. That the public auction take place on or adjacent to the Vessel which is currently located at Fairhaven Shipyard & Marina, Inc., 50 Fort Street, Fairhaven, Massachusetts 02719;

3. That plaintiff, or the United States Marshal, shall give notice of the date, time, and place of the sale to (i) the Vessel owner, all mortgagees, and all lien holders of record with the United States Coast Guard's National Vessel Documentation Center by first class mail, postage prepaid; (ii) the public-at-large by advertising same at least once per week for two successive weeks in the Boston Herald, the first notice to be published at least seven (7) days prior to the date of sale; and (iii) the public-at-large by advertising same at least once per month in the national trade journal, Boats & Harbors, the first notice to be published at least seven (7) days prior to the date of sale;

4. That the United States Marshal be directed to require at said sale that the highest bidder deposit with the United States Marshal on the day of sale the sum of $10,000.00 in cash or certified check payable to the United States Marshal for the District of Massachusetts;

5. That plaintiffs be allowed to bid the amount of their collective indebtedness owed by the Vessel and her owner, at said public sale and deposit said credit bid with the United States Marshal in lieu of cash should it be the highest bidder;

6. That the United States Marshal be directed to pay into the Registry of the United States District Court for the District of Massachusetts any and all monies received as a result of the said public sale;

7. That the United States Marshal prepare such documents and reports as may be necessary for the confirmation of the public sale by the United States District Court. The confirmation hearing shall be held at the United States District Court at Boston, Massachusetts on a date and time to be established; and

8. That such other relief shall be granted as may be appropriate.

A proposed order setting for the above-requested terms and conditions is attached hereto.

Dated: October 27, 2004

Respectfully submitted,

NORTHERN WIND, INC
By its attorney,

NORMAN A. PELOQUIN, II

/s/ Norman A. Peloquin, II
Norman A. Peloquin II
(BBO Bar No. 550872)
NORMAN A. PELOQUIN, II P.C.
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. (508) 991-2300
Fax (508) 991-8300