UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTHERN WIND, INC.  )<br>        Plaintiff,  )<br>  )<br>v.  )<br>  )<br>F/V NORTHERN WIND (O.N. 620851)  )<br>   her engines, tackle,  )<br>   appurtenances, etc.  )<br>   *in rem*  )<br>  )<br>and SETH D. WAHLSTROM *in personam,*  )<br>        Defendant.  )  | C.A. No. 04-12143RWZ |

**VERIFIED AMENDED ANSWER, CLAIM AND COUNTERCLAIMS OF THE DEFENDANTS, F/V NORTHERN WIND AND SETH D. WAHLSTROM.**

Now come the Defendant, Seth D. Wahlstrom and the F/V NORTHERN WIND and assert the following

I, Seth D. Wahlstrom, am the rue and sole owner of the F/V NORTHERN WIND and hereby assert my claim to regain possession of the F/V NORTHERN WIND.

Further by way of answer to the Plaintiff's complaint, I hereby respond:

1. As to the allegations of paragraph one of the Plaintiff's complaint, this is a statement of law as to which no response is required.

2. As to the allegations of paragraph two of the Plaintiff's complaint, admitted.

3. As to the allegations of paragraph three of the Plaintiff's complaint, admitted

4. As to the allegations of paragraph four of the Plaintiff's complaint, admitted.

5. As to the allegations of paragraph five of the Plaintiff's complaint, admitted

6. As to the allegations of paragraph six of the Plaintiff's complaint, admitted, although Plaintiff has failed to include a copy of the Sales Contract, an unsigned copy of which is annexed hereto as Exhibit A, and which constituted an integral part of the agreement between the parties.

7. As to the allegations of paragraph seven of the Plaintiff's complaint, admitted

8. As to the allegations of paragraph eight of the Plaintiff's complaint, denied. At Plaintiff's request, Plaintiff withheld monies from the clams sold to Plaintiff for the monthly amounts due under the loan agreement which exceeded that amounts due under the agreement. Plaintiff also agreed to procure insurance and pay premiums for same from the amounts withheld under the agreement. Plaintiff gave no notice that it contended Defendants were in default, and as late as October 14, 2004, assured Defendant Wahlstrom that they were proceeding to obtain insurance to allow the F/V NORTHERN WIND to resume fishing.

9. As to the allegations of paragraph nine of the Plaintiff's complaint, the Note speaks for itself, but Defendants note that the Note does not fall due until June of 2006, and contains no applicable acceleration provisions.

10. As to the allegations of paragraph ten of the Plaintiff's complaint, they are denied. Defendant Wahlstrom contends that he was current and had withheld additional monies in advance. The accounting provided with Defendants' initial answer, which is incorporated herein by reference shows that Plaintiff withheld and was paid $13,696 towards the August, September and October payments, or approximately $1,600 more than was then due. Further, upon information and belief, as neither the Note nor Agreement provides for acceleration (except upon sale of the vessel), and the principal amount includes interest for the full three year term of the note, Plaintiff is only entitled to be paid that which was due under the note at the time of seizure, to whit monthly payments through October 1, 2004, which were actually withheld prior to seizure.

11. As to the allegations of paragraph eleven of the Plaintiff's complaint, they are denied for the reasons set forth above. Defendants further note that Plaintiff has failed and refused to provide an accounting as to the actual amount being credited to Defendant's loan

account, as it appears Plaintiff has not been crediting the difference between the amounts paid Defendant and the contract price, as required by the documents.

12. As to the allegations of paragraph twelve of the Plaintiff's complaint, Defendants deny said allegations, as Plaintiff has never given notice of default or opportunity to cure, as late as the day before seizure. Further, Plaintiff has failed and refused to provide an accounting of monies withheld from the sale of the clams.

COUNT I

13. As to the allegations of paragraphs one through twelve, Defendants incorporate herein by reference their responses set forth above.

14. As to the allegations of paragraph fourteen of the Plaintiff's complaint, Defendants contend that the Plaintiff has overstated the amount due and owing and has failed to comply with the terms of the Mortgage prior to attempting to foreclose same. Defendants contend that they are not in breach of a condition of the Mortgage, as all amounts required have been paid to date of seizure and the Plaintiff agreed to procure insurance. Plaintiff has not given notice of, and opportunity to cure, any default.

COUNT II

15 As to the allegations of paragraph fifteen of the Plaintiff's complaint Defendants incorporate herein by reference their responses set forth above.

16. As to the allegations of paragraph sixteen of the Plaintiff's complaint, this is a statement of law to which no response is required. To the extent a response is required to facts asserted therein, it is denied, as Defendants contends they are in compliance with the Mortgage and Agreement.

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the Statute of Frauds.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's action is barred by its failure to provide an accounting.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's action is barred by the applicable Parole Evidence Rule.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff, by her conduct and actions and/or by the conduct and actions of her agents and servants, has waived any and all rights she may have against the Defendant and, therefore, the Plaintiff cannot recover or obtain any relief in this action.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's action is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to meet a condition precedent to his claim to whit is has not given notice of default and an opportunity to cure.

Wherefore, Defendants pray this Court:

    1.     Dismiss the Plaintiff's claims

    2.     Order release of the vessel

    3.     Enter an order requiring release of the vessel pending final determination of the amounts due Plaintiff, if any, and

    3.     Grant the Defendants such further relief as this Court deems just and proper.

4

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to meet a condition precedent to his claim to wit it is has not given notice of default and an opportunity to cure.

COUNTERCLAIMS

1. On information and belief, at all times material hereto, the Plaintiff-Defendant in Counterclaim Northern Wind, Inc. (Northern Wind) was a corporation duly organized end doing business in the Commonwealth of Massachusetts with a place of business at 16 Hassey Street, New Bedford, MA.

2. The Defendant-Plaintiff in Counterclaim, Seth D. Wahlstrom, (Wahlstrom) is an individual residing within the Commonwealth of Massachusetts with residence at 5970 Route 6, Eastham, MA.

3. This action is brought pursuant to the admiralty jurisdiction within the meaning of 28USC §133, as it is based upon a maritime contract for sale of shellfish landed by a vessel and for determination under a ship mortgage under 46 USC § 31325 (c) and pursuant to the ancillary and pendant jurisdiction of this Court.

4. In or about June 2003, Northern Wind and Wahlstrom entered into a Note, Preferred Mortgage of Vessel, Sales Contract and Loan Agreement.  Under these documents, Wahlstrom was to operate said vessel and sell all clams harvested exclusively to Northern Wind at a set price of $18 per bushel.  Wahlstrom was to make monthly payment against the note as specified under the Agreement, and Northern Wind was to withhold $2 per bushel against the Note amounts as well.

5. Shortly after Wahlstrom commenced paying on the Note, Northern Wind indicated a desire to withhold the monthly payment from sale of clams to which Wahlstrom assented.

6.  Northern Wind has failed and refused to account for monies withheld, and on information and belief did not credit Wahlstrom for the full difference between the amount paid directly to him and the contract price, as required by the agreements.

7.  Northern Wind also failed to pay for a number of bushels of clams, claiming that they were "dead", which Wahlstrom denies. Wahlstrom seeks and accounting and substantiation that these clams were dead when delivered to Northern Wind, and had no value.

8.  Prior to the seizure, Wahlstrom spoke with Mr. Fernandes of Northern Wind regarding the cancellation of insurance for the vessel. Mr. Fernandes advised MR. Wahlstrom around October 1, 2004 not to fish the vessel until replacement insurance was obtained. Mr. Wahlstrom was unable to pay for insurance because Northern Wind was withholding in excess of monthly amounts due. Mr. Ferndandes represented that Northern Wind would procure insurance and withhold monies form Wahlstrom check and pay for the insurance. Mr. Fernandez continued to so represent this up until October 14, 2004.

COUNT I-ACCOUNTING

9.  Wahlstrom incorporates by reference the allegations set forth in paragraphs 1-8 above as if fully set forth herein.

10. Northern Wind has failed to accounting for all monies withheld from Wahlstrom.

Wherefore, Wahlstrom prays this Court require Northern Wind to account for all monies with held in excess of checks provided to Wahlstrom, up tot e contract price of $18 per bushel of clams, together with such further relief as this court deems just and proper.

COUNT II-BREACH OF CONTRACT

11. Wahlstrom incorporates by reference the allegations set forth in paragraphs 1-10 above as if fully set forth herein.

6

12.     Northern Wind has failed to pay for and account for all payments with held for clams delivered to it by Wahlstrom, and is in breach of the Sales Contract.

13.     Northern Wind has also breached its agreement to procure insurance and the terms of the mortgage and Loan Agreement.

Wherefore, Wahlstrom prays this court enter judgment for him and against Northern Wind for his damages, together with fees, costs, attorney fees and such further relief as this Court deems just and proper.

COUNT III-WRONGFUL SEIZURE

14.     Wahlstrom incorporates by reference the allegations set forth in paragraphs 1-10 above as if fully set forth herein.

15.     Northern Wind wrongfully seized and detained said vessel without proper notice of default and in direct violation of its representations that Mr. Wahlstrom was current and Northern Wind would obtain insurance.

16.     Northern Wind maliciously seized said vessel despite knowledge that it was tied to the dock at Northern Wind's direction and its interests were full protected.

Wherefore, Wahlstrom prays this court enter judgment for him and against Northern Wind for his damages, together with fees, costs, attorney fees and such further relief as this Court deems just and proper.

COUNT IV

17.     Wahlstrom incorporates by reference the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

18.     Northern Wind's actions in failing to pay for bushels of scallops claimed to be dead, in failing to account for the difference between monies paid and the contract price for clams, assurance that insurance would be obtained, and wrongful seizure of the vessel in the face of said

7

assurances, constitute unfair and deceptive trade practices within the meaning of GL c. 93A, which were willfully and knowingly in violation of aid act.

Wherefore, Wahlstrom prays this court enter judgment for him and against Northern Wind for no less than twice and no more than three times his actual damages, together with costs, attorney fees and such further relief as this Court deems just and proper.

Defendants,
F/V NORTHERN WIND and Seth D. Wahlstrom
By their Attorneys

*/s/ Stephen M. Ouellette*
_____
Stephen M. Ouellette, Esquire
BBO No.:  543752
David S. Smith, Esquire
BBO No.: 634865
Cianciulli and Ouellette
163 Cabot Street
Beverly, MA 01915
Tel:  (978) 922-9933
Fax:  (978) 922-6142

I, Seth D. Wahlstrom, hereby state under the pains and penalties of perjury that:

1. I am a Defendant herein and owner of the F/V NORTHERN WIND

2. I have read the Verified Amended Verified Answer, Claims and Counterclaims and the facts set forth therein are true to the best of my knowledge and belief , except as to those facts asserted on information and belief, which I believe to be true.

Signed under the Pains and penalties of perjury, this   day of November

_____
Seth D. Wahlstrom