UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTHERN WIND, INC. )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>F/V NORTHERN WIND (O.N. 620851) )<br>   her engines, tackle, )<br>   appurtenances, etc. )<br>    *in rem* )<br>)<br>and SETH D. WAHLSTROM *in personam,* )<br>        Defendant. ) | C.A. No. 04-12143RWZ |

**OPPOSITION TO MOTION TO DEFAULT VESSEL AND FOR INTERLOCUTORY
SALE AND CROSS-MOTION TO DISMISS**

Now come the Defendant, Seth D. Wahlstrom and the F/V NORTHERN WIND and oppose the motion of the Plaintiff to default the F/V NORTHERN WIND. As ground therefore, Wahlstrom sates as follows:

According to the pleadings filed by the Plaintiff, the F/V NORTHERN WIND was served with process and arrested by the united States Marshall on October 15, 2004.

Wahlstrom, as owner of the F/V NORTHERN WIND filed pro se, a document which constitutes and answer and claim for the vessel on October 27, 2004.

Under the Supplemental Rules for Certain Admiralty and Maritime claims, claims must be filed within 10 days of service of process. The Rules specify that when a period for performance is 11 days or less, intermediate Saturdays, Sundays and holidays are not counted, Rule 6 F.R.C.P. then the earliest date that a party could be defaulted was October 29, 2004. Plaintiff filed its motion on October 27, 2004, only eight days after execution of process.

Under Supplemental Rule 4, the Plaintiff is also required, if the vessel is not release within 10 days, to "…promptly-or within the time that the court allows-give public notice of the action and arrest…" Plaintiff seeks to default the vessel publish notice of the seizure to ensure that parties not aware of the arrest are put on notice. Plaintiff does not allege that notice was given, and it appears not to have been given at the time of the filing of the motion for default. Nor has it apparently been made to date.

Defendants contend that they are not in default and if advised of any default would have cured same promptly. Defendants intend to cure any alleged breach, pay of the indebtedness or bond out said vessel and defend Plaintiff claims.

As such, the Plaintiff's motion to default the vessel must be denied because Wahlstrom timely answered, the Plaintiff filed its motion prematurely and the Plaintiff has failed to give

public notice of the seizure of the vessel as required by Supplemental Rules and the motion for interlocutory sale should be denied.

**CROSS MOTION TO DISMISS**

The Defendants move to dismiss the Plaintiff's complaints on the grounds that the Plaintiff has not, and can not, allege sufficient facts to substantiate their claim of a breach under the mortgage. Accordingly, the complaint should be dismissed in accordance with Rule 12, F.R.C.P.

In its complaint, the Plaintiff alleges that the Defendants are in breach of the mortgage covenants and underlying agreement by failing to make certain monthly payments totaling approximately $12,000, and by failing to keep insurance in place. Without belaboring the facts, Wahlstrom has deputed these facts in his initial answer. Under the terms of the Mortgage, Exhibit C to the Plaintiff's complaint, it states that:

> Section1.    Mortgagor shall be in default hereunder upon the happening of any of the following events or conditions ("Event of Default"):
> Failure by Mortgagor to observe or perform any covenant or agreement contained herein or in the Agreement which may continue more than ten (10) days after notice from the Mortgagee to Mortgagor and which impairs or impedes its ability to perform its Obligations under eh Agreement…"

Defendants contend that no such notice or opportunity to cure is pleaded, because no such notice was given. Nonetheless, the failure to give such notice is a fatal flaw to Plaintiff's claim and the case against the vessel should be dismissed and the vessel returned to the Defendant.

For the foregoing reasons, the Defendants pray this Court deny the motion for default and for interlocutory sale and further order that the claims under the mortgage be dismissed and the vessel be returned to the Defendant Wahlstrom.

**Defendants,**
**F/V NORTHERN WIND and Seth D. Wahlstrom**
**By their Attorneys**

*/s/ Stephen M. Ouellette*
_____
Stephen M. Ouellette, Esquire
BBO No.:  543752
David S. Smith, Esquire
BBO No.:  634865
Cianciulli and Ouellette
163 Cabot Street
Beverly, MA 01915
Tel:  (978) 922-9933
Fax:  (978) 922-6142