UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTHERN WIND, INC. )<br>          Plaintiff, )<br>)<br>v. )<br>)<br>F/V NORTHERN WIND (O.N. 620851) )<br>   her engines, tackle, )<br>   appurtenances, etc. )<br>    *in rem* )<br>)<br>and SETH D. WAHLSTROM *in personam,* )<br>          Defendant. ) | C.A. No. 04-12143RWZ |

**MOTION TO VACATE ARREST OR TO RELEASE VESSEL
HEARING REQUESTED AS PROMPTLY AS POSSIBLE**

     Now come the Defendants, Seth D. Wahlstrom and the F/V NORTHERN WIND and pursuant to Rule E (4)(f) seeks a hearing **as promptly as possible**, [1] as required by said rule, to have the Plaintiff show cause why the vessel should not be released and for the Court to order release of the F/V NORTHERN WIND with such conditions as the Court deems proper and appropriate.  As grounds therefore, Defendants state that as set forth in the original answer of Seth Wahlstrom, no amounts are currently due under the Note, Agreement and mortgage, and as set froth in the Verified answer, Claim and Counterclaims, Plaintiff has never given notice of default or opportunity to cure same, which notice is required by the Mortgage.

     Defendants further note that even if the Defendant must procure insurance and/or has not paid monthly amounts, he is entitled to notice and to cure.  Failing same, there is nor requirement under the Note that defendants pay the full amount under the note.  The Note, on its face states that it must be paid within three years and includes interest at a set amount of $17,000; see Exhibit B to the Plaintiff's Complaint.  Neither the Note nor the Loan Agreement provide for prepayment or acceleration, if one or more payments are missed, Exhibits A&B to the Plaintiff's Complaint.  The only basis for acceleration is upon sale of the vessel.

     At present, Defendant Wahlstrom is prevented from using the vessel to fish and pay-down its mortgage.

     As such, it is unlikely Plaintiff was entitled to any relief when it seized the vessel, and it should be released.

     Alternatively, the Court should set conditions of release, whereby Defendants will obtain the necessary insurance, may operate the vessel and sell clams to whomever they choose, and make monthly payments into escrow.

---

[1]     Defendants counsel was held up in traffic on December 2, 2004 and arrived 8 minutes late for the hearing to be advised that the Court had set the matter over for two weeks Defendants' counsel contends that the issue of release of the vessel should be heard immediately and not put off for another two weeks.

Wherefore, Defendants pray this Court schedule a hearing as promptly as possible and require Plaintiff to show cause why the vessel should not be released

**Defendants,
F/V NORTHERN WIND and Seth D. Wahlstrom
By their Attorneys**

*/s/ Stephen M. Ouellette*

Stephen M. Ouellette, Esquire
BBO No.: 543752
David S. Smith, Esquire
BBO No.: 634865
Cianciulli and Ouellette
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142